MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K.B. SLADDEN (CSBN 203307)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6962
FAX: (415) 436-6748
melissa.sladden@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY R. ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE,<br><br>Defendant. | No. C-10-4099 EDL<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff, Gregory Ortiz ("Plaintiff") filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended;

WHEREAS, Plaintiff and Defendant, Patrick Donahoe, Postmaster General United States Postal Service ("Defendant") wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

//

[STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
C-10-4099 EDL

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, Defendant shall pay Plaintiff a total sum of five-thousand ($5,000.00) dollars and no cents ("Settlement Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Gregory Ortiz, and will be mailed to Plaintiff at 693 Cambridge Street, San Francisco CA94134. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, Patrick Donahoe, Postmaster General, United States Postal Service, and any and all of its past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with the United States Postal Service.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees to immediately upon execution of this Stipulation and Agreement, execute the accompanying Stipulation For Dismissal with Prejudice,

which stipulation shall dismiss, with prejudice, all claims asserted in this Action, styled <u>Gregory Ortiz v. Patrick Donahoe, Postmaster General United States Postal Service</u>, C-10-4099 EDL, or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff of the Settlement Amount. The Plaintiff agrees to notify Melissa Sladden, Assistant United States Attorney, by email at melissa.sladden@usdoj.gov, or by facsimile at (415) 436-6748, or by mail at 450 Golden Gate Avenue, Box 36055, San Francisco CA 94102, within three (3) business days of receipt of the Settlement Amount.

     5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

     6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

     7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy.** The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction.** Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability.** If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration.** This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority.** The signatories to this Agreement have actual authority to bind the parties.

14. **Expungement of Personnel Records.** In addition to the terms described in paragraph 1

1 | above, Defendant agrees to the following:

2 | (A) Defendant shall expunge from the plaintiff's Standard Form 50, record of his
3 | termination, and replace such record with a Standard Form 50 reflecting that Plaintiff voluntarily,
4 | permanently, and unequivocally resigned effective June 3, 2008. Plaintiff's signature from this
5 | Agreement shall operate as his resignation from Postal Service, and no further action by Plaintiff
6 | will be required to effect his resignation. Plaintiff's PS Form 50 will reflect his resignation.
7 | However, the Notice of Removal issued to Plaintiff on June 3, 2008, will remain in Plaintiff's
8 | Official Personnel Folder ("OPF").

9 | 15. **Application for Future Employment**. Plaintiff agrees that he will not apply for
10 | employment at the United States Postal Service at any location for a period of thirty (30) years
11 | following the date of his signature on this agreement. Plaintiff further agrees that if he should
12 | ever breach this Agreement by applying for restoration, reinstatement and/or re-employment with
13 | United States Postal Service, the United States Postal Service shall have the right to either
14 | terminate his employment and/or refuse to restore, reinstate, and/or rehire him without any
15 | further need for justification other than the terms of this Agreement. Plaintiff further waives the
16 | right to challenge, either administratively or judicially, the refusal of Postal Service to restore,
17 | reinstate, and/or rehire him in any capacity at any location for a period of thirty (30) years
18 | following the date of this Agreement. Plaintiff further agrees that the refusal of Postal Service to
19 | restore, reinstate, and/or rehire him can never be the bases of a damage award to him. Finally,
20 | Plaintiff agrees that he will indemnify Postal Service for any and all costs incurred by Postal
21 | Service, its officers, agents or employees in connection with any further request for employment
22 | or subsequent administrative or judicial proceedings initiated by Plaintiff in connection with the
23 | same. Plaintiff hereby waives all rights and entitlements to back pay and benefits, if any.

24
25 | DATED: 7/27/11         _____
26 |                        GREGORY ORTIZ
                           Plaintiff
27 | DATED: 8.1.11          _____
                           DANIELLE VAN WERT
28 |                        Plaintiff's Attorney

[STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
C-10-4099 EDL                               5

|   |   |
|---|---|
| | MELINDA HAAG |
| | United States Attorney |
| DATED: 8/3/2011 | /s/ Melissa Sladden |
| | MELISSA BROWN SLADDEN |
| | Assistant United States Attorney |
| | Attorney for Defendant |
| DATED: 8/3/2011 | /s/ Joshua Klipp |
| | JOSHUA KLIPP |
| | United States Postal Service Representative |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 9, 2011

_____
HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Elizabeth D. Laporte*
*United States District Court, Northern District of California*